COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



SECOND ORDER OF CONTINUING ABATEMENT

Appellate case name:     Timothy Dynell George v. The State of Texas

Appellate case number:    01-15-00128-CR

Trial court case number:   1431234

Trial court:             185th District Court of Harris County

On March 10, 2016, after this appeal had been abated for a late-brief hearing, the abatement hearing record was filed in this Court. During this hearing, the trial judge, the Honorable Susan Brown, recounted the trial court coordinator's difficulties over the past several months in trying to locate either appellant's counsel, Robert T. Wallace, or appellant, Timothy Dynell George. At the end of the hearing, the trial judge noted that if appellant "resurfaces, the Court will certainly make every effort to determine where he stands with this appeal and appoint counsel to continue the appeal, if necessary."

On March 15, 2016, this Court's Order of Continuing Abatement abated and remanded for the trial court to enter findings of fact and conclusions of law regarding whether to relieve counsel of his duties and whether the appellant had abandoned this appeal, for purposes of this Court moving forward to decide this appeal without briefs. *See* TEX. R. APP. P. 38.8(b)(4).

On March 21, 2016, the supplemental clerk's record was filed in this Court and contains a docket sheet entry referring to the above abatement hearing held on March 10, 2016, but it did not contain the requested findings and conclusions. Rule 44.4 states that an appellate court must not affirm a judgment or dismiss an appeal if the trial court can correct its action or failure to act. *See* TEX. R. APP. 44.4(a)(2).

After reviewing the district clerk's website, it appears that appellant was indicted on May 24, 2016, in two new cases, trial court cause numbers 1505539 and 1505540, both of which are pending in the 184th District Court of Harris County before the Honorable Jan Krocker. Thus, because it appears that appellant has resurfaced and can

be located now for a late-brief hearing, and because the trial judge continues to serve on the district court, the error in this case is remediable. *See* TEX. R. APP. 44.4(a).

Accordingly, we sua sponte continue to **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Robert T. Wallace, if he can be located, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Robert T. Wallace has abandoned this appeal;

(3) if counsel Robert T. Wallace has not abandoned this appeal:
   a. inquire of counsel the reasons, if any, that he has failed to file a brief timely on appellant's behalf; and
   b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Robert T. Wallace cannot be located or has abandoned this appeal, enter a written order relieving Robert T. Wallace of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent and wishes to proceed *pro se*, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel, and
      ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice; and

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

iii. if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or

iv. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2016); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record, if any, are filed in this Court. If the trial court finds that appellant no longer desires to prosecute this appeal, via written order, this Court may move forward to consider and decide this appeal without a brief from appellant. *See* TEX. R. APP. P. 38.8(b)(4).

It is so **ORDERED**.

Judge's signature: /s/ <u>Laura Carter Higley</u>
⊠ Acting individually

Date: <u>October 20, 2016</u>